**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | **Case No. 16-31146** |
| **JENNIFER HAHN** | ) | **S.S.# xxx-xx-5279** |
| | ) | |
| **Debtor.** | ) | **Chapter 7 Bankruptcy** |

**ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION TO SELL REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. § 363(B), (F), AND (M)**

**THIS MATTER** came before the Court and upon the CHAPTER 7 TRUSTEE'S MOTION TO SELL REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. § 363(B), (F), AND (M) (the "Sale Motion"), by which Rebecca Hoyt-Fischer, Chapter 7 Trustee (the "Trustee") for the above referenced debtor ("Debtor"), seeks authority to sell, free and clear of all liens, encumbrances, and interests, certain real property owned by Debtors, commonly known as 3004 Greenleaf Blvd, Elkhart, IN 46514, and more particularly described as:

Broadmoor Ext Lots 146 &147. (the "Property").

For the reasons set forth in the Sale Motion, the Trustee has demonstrated that the sale of the Property on the terms contained in the Sale Motion is in the best interests of the Debtor's estate. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The relief requested in the Sale Motion is **GRANTED** and the sale of the Property by the Trustee pursuant to 363(b), (f) and (m) free and clear of all liens, claims, encumbrances, and interests, by Consented Public Sale, using the services of BK Global Real Estate Services ("BKRES"), and RE/MAX Excellence ("Listing Agent"), is hereby **APPROVED**, subject to the terms and conditions herein.

2. Notice of the Sale Motion was proper, and no objections to the Sale Motion were timely filed. Thus, to the extent any creditor (other than the Secured Creditor) asserts an interest or secured claim against the Property, such creditor is deemed to have consented to entry of this Order, and such creditor's claim shall not be a secured claim.

3. The creation and use by Trustee of a Bankruptcy Estate Fee, as defined and described herein below, is hereby approved.

4. Trustee, BKRES and Listing Agent may take any actions necessary to consummate or facilitate the sale of the Property to whichever qualified, third party buyer ("Third Party Buyer") that has submitted or that submits a written purchase offer at the highest price that the market will bear in accordance with the procedures for a "Consented Public Sale" described as follows:

a. Property to be Sold: The Property that is offered at the Consented Public Sale shall be sold pursuant to Section 363 of the Bankruptcy Code free and clear of all liens, claims, encumbrances, and interests, but otherwise in "As-Is, Where-Is" and without representations or warranties of any type given by the Trustee and his/her professionals.

b. Marketing Procedure: The Consented Marketing Period consisted of a minimum 30-day period commencing from the date that the Court enters an Order authorizing the Trustee to retain the services of BKRES and Listing Agent (the "Listing Agent Retention Order"). Within five (5) days of the Listing Agent Retention Order, BKRES commenced its Consented Sale™ real estate asset review and marketing process to procure the necessary agreements of all affected

parties, including the Secured Creditor, for a Consented Public Sale of the Property.

c. Listing Agent and National Agent Commission: The Listing Agent, and BKRES shall receive up to six percent (6%) of the purchase price upon closing of sale to a Third Party Buyer (the "Commission"). No Commission shall be paid unless the Property is transferred to a Third Party Buyer. The Listing Agent is not entitled to any other compensation. The Listing Agent shall not split or otherwise share the Commission with any other person or entity, except that Listing Agent shall pay a referral fee to BKRES and, if the Third Party Buyer is represented by a real estate agent, the Listing Agent, BKRES and the Third Party Buyer's real estate agent may split or share the Commission by agreement. The Secured Creditor agrees to pay the Commission when earned and the estate shall not be responsible or obligated to pay any compensation to the Listing Agent, BKRES or Third Party Buyer's real estate agent, if any.

d. Bankruptcy Estate Fee: In order to provide for the payment of expenses in this Chapter 7 case, and to afford general unsecured creditors an opportunity to participate in any recovery from the sale of the Property, the Secured Creditor has agreed to pay the estate a fee (the "Bankruptcy Estate Fee") determined as follows.

   i. Upon closing of sale to a Third Party Buyer, Secured Creditor will pay the estate at least $6,000.00.

   ii. Upon closing or transfer of the subject Property, the Trustee shall reimburse BKRES for any funds advanced by BKRES for the securing of

insurance, if secured by BKRES, on the subject Property without further notice or motion or by separate order.

e. Junior Lienholders. Any amount by which the net sale proceeds received from a Third Party Buyer exceed the Secured Creditor Indebtedness and the Bankruptcy Estate Fee shall be paid to such Alleged Secured Creditors and any other party asserting a lien, claim, encumbrance or interest in or to the Property, if and to the extent that such interest is substantiated by a current title report or other evidence reasonably determined by Trustee and the party has agreed to waive and release any unsecured claim against the estate that it would otherwise have as a result of the sale (collectively, the "Junior Lienholders").

f. Surplus. Any and all net sale proceeds received from a Third Party Buyer remaining after paying the Junior Lienholders will be retained by the Trustee for the benefit of the estate.

g. Back-Up Offers: Listing Agent shall be authorized, but not required, to accept the qualified purchase offer with the second highest price submitted by a Third Party Buyer as a "back- up" offer in the event that the Third Party Buyer offering the highest purchase price fails to consummate the sale transaction.

5. The Trustee's acceptance of a "back-up" offer and proceeding to consummate a transaction with the "back-up" buyer shall be without prejudice to any claim of the Trustee against any buyer offering a higher purchase price that was accepted by Trustee for failing to proceed.

6. To the extent applicable in any sale, the Secured Creditor agrees to pay at closing (1) the Commission; (2) the Bankruptcy Estate Fee; (3) all outstanding real estate taxes,

including any pro-rated amounts due for the current tax year; (4) any HOA fees required to be paid under applicable state and federal law, including any post-petition HOA fees required to be paid under applicable state and federal law; and (5) all other closing costs and expenses, excluding professional fees. Any payments by the Secured Creditor as stated herein shall be subject to any and all limitations on the Secured Creditor's liability for any fees and costs under applicable law.

SO ORDERED.

DATED: ___________________________, 2017

_________________________________________
Harry C. Dees, Jr.,
United States Bankruptcy Court